UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM RAY BAKER,<br><br>               Plaintiff,<br><br>  vs.<br><br>MAUREEN HENSON, JANEL BROWN, TRISTINA WEEKELY, JUDITH WARNKE, COMET HARLDSON, JENNIFER VAN ANNE, JACKLYN WINTERS and MARY BELL,<br><br>               Defendants. | CIV. 17-5054-JLV<br><br><br><br>ORDER |

**BACKGROUND**

Plaintiff William Ray Baker, appearing *pro se*, filed this action against the individual defendants. (Docket 1). Plaintiff alleges some of these defendants have an affiliation with Rapid City Regional Hospital. Id. According to plaintiff, his lawsuit revolves around charges he filed with the Equal Employment Opportunity Commission ("EEOC"), and the grounds for his case include: Title VII of the Civil Rights Act ("Title VII"); the Americans with Disabilities Act ("ADA"); the Genetic Information Nondiscrimination Act ("GINA"); the Age Discrimination in Employment Act ("ADEA"); and the Family and Medical Leave Act ("FMLA"). Id.

In support of his claims, plaintiff asserts the following facts in his complaint and its attachments. He filed a charge of discrimination with the EEOC on February 19, 2016. Id. at p. 4. He received a "right to sue" letter from the EEOC on February 19, 2016. (Docket 1-1). On March 26, 2017, he filed a

charge with the EEOC based on FMLA and ADA violations. (Docket 1-3). He received another "right to sue" letter from the EEOC on April 10, 2017. (Docket 1-2). Instead of tying particular defendants with certain claims, plaintiff generally refers to "defendants" and "co-defendants." (Docket 1 at p. 4). The complaint asserts it will be supplemented later by an affidavit from plaintiff with the title "The OSHA Story." Id. The complaint also includes general references to violations of the ADA and other laws not specified. Id.

The defendants who have been served filed motions to dismiss the complaint. (Dockets 14 & 16). The court grants their motions and dismisses the remaining defendants who have not been served as the court ordered. (Docket 20).

## DISCUSSION

Defendants Jennifer Van Anne and Comet Haraldson argue for dismissal under Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. (Docket 14). Defendants Maureen Henson, Janel Brown, Trisina Weekley and Judith Warnke (collectively, "Regional defendants") assert plaintiff's complaint should be dismissed based on Rules 12(b)(1) and 12(b)(6). (Docket 16). As explained below, the court grants the motions to dismiss based on Rule 12(b)(6). Consequently, the court does not address defendants' other bases for dismissal.

Plaintiff submitted several filings in response to defendants' motions, and they contain numerous factual assertions beyond those alleged in his complaint. (Dockets 21, 21-1, 21-2 & 24). The additional facts in plaintiff's responses are not properly before the court and the court will not consider them in ruling on

2

defendants' motions. See Fischer v. Minneapolis Pub. Sch., 792 F.3d 985, 990 n.4 (8th Cir. 2015) ("But Fischer failed to include these claims in his complaint, failed to file an amended complaint by the deadline, and did not later petition to court to amend his complaint. Accordingly, these claims were not properly before the district court.") (internal citations omitted); Morgan Distrib. Co., Inc. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss."); Midland Farms, LLC v. U.S. Dep't of Agric., 35 F. Supp. 3d 1056, 1066 (D.S.D. 2014) ("Midland may not amend its Complaint through an argument raised in a brief in opposition to a motion to dismiss.") (collecting cases).

Under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Two "working principles" underlie Rule 12(b)(6) analysis. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). First, courts are not required to accept as true legal conclusions "couched as . . . factual allegation[s]" in the complaint. See id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555) (internal quotation marks omitted). The court does, however, "take the plaintiff's factual allegations as true." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). Second, the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 678 (citation omitted). The

complaint is analyzed "as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden, 588 F.3d at 594.

In applying these principles, the court must construe plaintiff's *pro se* complaint liberally. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). This means "that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Jackson v. Nixon, 747 F.3d 537, 544 (8th Cir. 2014) (internal quotation marks omitted). The complaint "still must allege sufficient facts to support the claims advanced." Stone, 364 F.3d at 914.

## I. Claims against Jacklyn Winters and Mary Bell

Based on the record to date, plaintiff has not completed service on Winters and Bell. The court noted this in an earlier order, where the court indicated plaintiff had until October 28, 2017, to complete service on Winters and Bell. (Docket 20 at pp. 1-2). The order provided plaintiff with "clear notice of his responsibility to serve all defendants" under Rule 4 of the Federal Rules of Civil Procedure and stated failure to do so may result in dismissal without prejudice. Id. Because plaintiff failed to adequately serve Winters and Bell or show good cause for the failure, the court dismisses plaintiff's claims against those defendants without prejudice. See Fed. R. Civ. P. 4(m).

4

## II. Title VII, ADA and ADEA

Plaintiff pursues Title VII, ADA and ADEA claims against individual defendants, none of whom were his employer.

"Since [Title VII's] passage in 1964, it has prohibited employers from discriminating against their employees on any seven specified criteria." Univ. of Tex. Southwestern Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2525 (2013). Five are personal characteristics: race, color, religion, sex and national origin. See 42 U.S.C. § 2000e-2. And two are "the employee's opposition to employment discrimination, and the employee's submission of or support for a complaint that alleges employment discrimination—[which] are not . . . based on personal traits but rather types of protected employee conduct." Nassar, 133 S. Ct. at 2525; see 42 U.S.C. § 2000e-3(a). "To succeed on . . . race, gender, and age discrimination claims, [a plaintiff] must show either direct evidence of discrimination or evidence . . . sufficient to create an inference of discrimination under the *McDonnell Douglas* burden shifting framework." Blackwell v. Alliant Techsystems, Inc., 822 F.3d 431, 435 (8th Cir. 2016) (internal quotation marks omitted).

"A plaintiff alleging discrimination based on a disability under the ADA must establish a prima facie case. The three elements of this prima facie case are (1) that the plaintiff has 'a disability within the meaning of the ADA;' (2) that he is qualified 'to perform the essential functions of the job, with or without reasonable accommodation;' and (3) that he suffered 'an adverse employment

5

action due to a disability.' " Chalfant v. Titan Distribution, Inc., 475 F.3d 982, 988 (8th Cir. 2007) (footnote omitted) (quoting Wenzel v. Missouri–Am. Water Co., 404 F.3d 1038, 1040 (8th Cir. 2005)).

"To establish a prima facie case of retaliation in violation of the ADEA [a plaintiff] must show that: '(1) he engaged in conduct protected under the ADEA; (2) he was subjected to an adverse employment action at the time of, or after, the protected conduct occurred; and (3) there was a causal link between the protected activity and the adverse employment action.' " Evans v. Pugh, 902 F.2d 689, 693 (8th Cir. 1990) (quoting Wentz v. Maryland Casualty Co., 869 F.2d 1153, 1154–55 (8th Cir.1989)).

Plaintiff's Title VII claims fail against all defendants because "individual employees cannot be personally liable under Title VII." McCullough v. Univ. of Arkansas for Med. Scis., 559 F.3d 855, 860 n.2 (8th Cir. 2009) (citing Bonomolo-Hagen v. Clay Cent.-Everly Cmty. Sch. Dist., 121 F.3d 446, 447 (8th Cir.1997) (per curiam)). Plaintiff's ADA and ADEA claims fail against all defendants because "defendants in their individual capacities are not liable under . . . the ADA[ or] the ADEA[.]" Hill v. Arkansas Dep't of Human Servs., No. 4:16-CV-00872, 2017 WL 2221701, at *2 (E.D. Ark. May 19, 2017) (collecting cases); see Morrow v. City of Jacksonville, Ark., 941 F. Supp. 816, 820 (E.D. Ark. 1996) ("Given the Eighth Circuit's analysis in *Lenhardt,* together with the near unanimity of opinion on this issue among the Courts of Appeals, this Court will

follow the prevailing view and dismiss plaintiff's Title VII, ADA, and ADEA claims against defendants Hibbs and Tate in their individual capacities.").

Under Rule 12(b)(6), the court grants defendants' motions to dismiss plaintiff's Title VII, ADA and ADEA claims. For these claims, plaintiff fails to allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (internal quotation marks omitted).

### III. GINA and FMLA

"Under GINA, an employer may not discriminate on the basis of genetic information." Lyons-Belisle v. Am. Wholesale Florists of Kansas City, Inc., No. 4:16-CV-00764, 2016 WL 4443186, at *2 (W.D. Mo. Aug. 19, 2016) (citing 42 U.S.C. §§ 2000ff-2, 3). "GINA defines 'genetic information' as (1) an individual's genetic tests; (2) the genetic tests of the individual's family members; (3) the manifestation of a disease or disorder of the individual's family members; (4) an individual's request for, or receipt of, genetic services, or the participation in clinical research that includes genetic services by the individual or the individual's family member; and (5) the genetic information of a fetus." Macon v. Cedarcroft Health Servs., Inc., No. 4:12-CV-1481, 2013 WL 1283865, at *7 (E.D. Mo. Mar. 27, 2013). Plaintiff asserts no facts demonstrating any defendants requested or obtained his genetic information and discriminated against him based on that information. Cf. Smith v. Donahoe, 917 F. Supp. 2d 562, 571 (E.D. Va. 2013), aff'd in part, appeal dismissed in part, 542 Fed. Appx. 230 (4th Cir. 2013) ("In light of this definition of genetic information, the Court

7

finds that Plaintiff has not pled any facts indicating that any of the Defendants requested or obtained Plaintiff's 'genetic information' and discriminated against him on the basis of such 'genetic information.' "). Because plaintiff fails to plead sufficient facts to support a GINA claim, the court dismisses plaintiffs' GINA claims based on Rule 12(b)(6). Plaintiff's complaint is insufficient because "it tenders naked assertions devoid of further factual enhancement." In re Pre-Filled Propane Tank Antitrust Litig., 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc) (internal quotation marks omitted).

"The FMLA provides job security to employees who must miss work because of their own illnesses, to care for family members, or to care for new babies." Stallings v. Hussmann Corp., 447 F.3d 1041, 1050 (8th Cir. 2006) (citing 29 U.S.C. § 2612(a)(1)(A)-(D)). Under the FMLA, eligible employees have "up to 12 workweeks of unpaid leave during any 12-month period." Id. Before taking FMLA leave, "[a]n employee must provide notice to an employer[.]" Id. A plaintiff can advance two types of claims under the FMLA: "(1) 'interference' or '(a)(1)' claims in which the employee alleges that an employer denied or interfered with his substantive rights under the FMLA and (2) 'retaliation' or '(a)(2)' claims in which the employee alleges that the employer discriminated against him for exercising his FMLA rights." Id. (quoting 29 U.S.C. § 2615(a)(1)-(2)).

The EEOC charge plaintiff attached to his complaint does start to articulate an FMLA claim. (Docket 1-3). The problem is the charge is against Rapid City Regional Hospital and not any of the individual defendants plaintiff

names in his complaint.  (Dockets 1 & 1-3).  Absent "further factual enhancement" explaining how any of the individual defendants committed the FMLA violation, the complaint consists of no more than "naked assertions" and must be dismissed under Rule 12(b)(6).  See In re Pre-Filled, 860 F.3d at 1063.

**ORDER**

Based on the above analysis, it is

ORDERED that defendants' motions to dismiss (Dockets 14 & 16) are granted.

IT IS FURTHER ORDERED that plaintiff's complaint is dismissed.  All of plaintiff's claims against Winters and Bell are dismissed without prejudice.  The claims against all remaining defendants are dismiss as follows: plaintiff's GINA and FMLA claims are dismissed without prejudice; and plaintiff's Title VII, ADA and ADEA claims are dismissed with prejudice.

Dated February 9, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE